Filed 6/28/23  P. v. Pimentel CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JORGE ALBERTO PIMENTEL,<br><br>　　Defendant and Appellant. | G061526<br><br>(Super. Ct. No. 01CF0502)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　\*　　　\*

"A person convicted of felony murder or murder under the natural and probable consequences doctrine . . . , *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court . . . to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and . . . be resentenced . . . ." (Pen. Code, § 1172.6, subd. (a), italics added.)[1]

In 2022, defendant Jorge Alberto Pimentel filed a section 1172.6 petition with the trial court seeking to have his 2002 attempted murder conviction vacated and to be resentenced. But Pimentel was not convicted of attempted murder under the natural and probable consequences doctrine as required by the statute. (See § 1172.6. subd. (a).)

Thus, we affirm the trial court's order denying Pimentel's petition.


I

FACTS AND PROCEDURAL BACKGROUND

In February 2001, Pimentel was the driver in a drive-by shooting. (*People v. Pimentel et al*. (Sept. 12, 2003, G030730) [nonpub. opn.].)

In April 2002, a jury found Pimentel guilty of willful and premeditated attempted murder, illegal possession of a firearm, and two counts of street terrorism. The jury found true related gang and firearm enhancements. The trial court imposed a total aggregate sentence of 25 years to life plus two years.

In May 2022, Pimentel filed a section 1172.6 petition seeking to vacate his attempted murder conviction and to be resentenced.

In August 2022, the trial court conducted a prima facie hearing. The court denied Pimentel's petition after reviewing the record of conviction.

---

[1] Further undesignated statutory references are to the Penal Code. Section 1170.95 was renumbered section 1172.6 without substantive change, effective June 30, 2022. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For the sake of clarity, we will refer to the statutory provision as section 1172.6 exclusively.

II

DISCUSSION

Pimentel claims the trial court erred by denying his section 1172.6 petition at the prima facie stage without conducting an evidentiary hearing.  This is a question of law, so our review is de novo.  (See *People v. Watson* (2021) 64 Cal.App.5th 474, 484.)

In this discussion, we shall:  A) review general legal principles; B) quote the relevant jury instructions; and C) apply the facts to the law.

*A.  General Legal Principles*

When interpreting a statute, a court's role "is to determine the Legislature's intent so as to effectuate the law's purpose."  (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)  "We begin as always with the statute's actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and ordinary meanings, and construing them in context.  If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'"  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837-838.)

"A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced . . . ."  (§ 1172.6, subd. (a) italics added.)

A person may file a petition "when all of the following conditions apply: [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . .[;]  [¶]  (2) The petitioner was convicted

3

of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6 subds. (a)(1)-(3), (b)(1)(A).)

Section 188, subdivision (a)(3), now provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Section 189, subdivision (e)(3), now states the only exception to the malice requirement—the felony-murder rule—which is now limited to circumstances that mirror the felony-murder special-circumstance enhancement. That is, when a defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).)

Under long-standing law, "the felony-murder rule has no application to a charge of attempted murder. An attempt murder requires the intent to take a human life—an element which cannot be supplied by the application of the felony-murder rule." (*People v. Wein* (1977) 69 Cal.App.3d 79, 92.)

Under section 1172.6, the petitioner must first make a prima facie showing establishing he or she is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960.) At the prima facie stage, the trial court may consider the record of conviction, including the jury instructions to "distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) However, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)

*B. Relevant Jury Instructions*

The trial court instructed the jury as to attempted murder as follows:

"Every person who attempts to murder another human being is guilty of a violation of Penal Code sections 664 and 187.  [¶]  Murder is the unlawful killing of a human being with malice aforethought.  [¶]  In order to prove attempted murder, each of the following elements must be proved:  [¶]  1. A direct but ineffectual act was done by one person towards killing another human being; and  [¶]  2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."  (CALJIC No. 8.66.)

The trial court instructed the jury on aiding and abetting as follows:  "A person aids and abets the [commission] [or] [attempted commission] of a crime when he or she  [¶]  1. With knowledge of the unlawful purpose of the perpetrator, and  [¶]  2. *With the intent or purpose of committing or encouraging or facilitating the commission of the* [*crime*], and  [¶]  3. By act or advice aids, promotes, encourages or instigates the commission of the . . . [crime]."  (CALJIC No. 3.01, italics added.)

*C. Analysis and Application*

"A person convicted of felony murder or murder under the natural and probable consequences doctrine . . . , *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court . . . to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and be resentenced . . . ."  (§ 1172.6, subd. (a), italics added.)

"Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine."  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)  Under the former natural and probable consequences doctrine, a criminal defendant was not only directly liable for any crimes he intended to commit (target offenses), but he was also vicariously liable for other crimes committed by an accomplice that were a natural and probable consequence of the target offense. (*People v. Olguin* (1994) 31 Cal.App.4th 1355.)

5

Here, Pimentel was convicted of attempted murder. The trial court did not instruct the jury on the natural and probable consequences doctrine (or any other theory of vicarious liability). (See *People v. Wein*, *supra*, 69 Cal.App.3d at p. 92 ["the felony-murder rule has no application to a charge of attempted murder"].)

Without a jury instruction from the trial court explaining the natural and probable consequences doctrine, the jury could not have convicted Pimentel under that legal theory. Thus, the court properly denied Pimentel's petition at the prima facie stage because he is ineligible for relief as a matter of law.

Pimentel cites *In re Loza* (2018) 27 Cal.App.5th 797, for the proposition: "It cannot be said that the mere fact that the jurors found the premeditation allegation true means they found appellant harbored malice." But *In re Loza* is readily distinguishable because it involved a habeas corpus petition from a defendant's murder conviction, not an appeal from a denial of a section 1172.6 petition regarding an attempted murder conviction. (*In re Loza*, at p. 782.)

Pimentel also cites *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), for the proposition: "The record of conviction does not conclusively establish that appellant harbored express or implied malice for attempted murder." But *Langi* is also readily distinguishable. While *Langi* does involve an appeal from a denial of a section 1172.6 petition, the defendant was convicted of second degree murder, not attempted murder. (*Langi*, at p. 977.) Thus, *Langi* does not establish that Pimentel—who was convicted of attempted murder—is eligible for relief under section 1172.6.

*Langi* is also distinguishable because the jury in that case had been instructed on implied malice murder (an act in conscious disregard for human life), along with an aiding and abetting instruction. (*Langi*, *supra*, 73 Cal.App.5th at p. 981.) The appellate court held under those circumstances, the jury could have found the defendant guilty of murder while intending to aid in the perpetrator's acts, without necessarily finding the defendant himself personally acted in conscious disregard for the danger to

human life (implied malice).  (*Id*. at p. 983.)  Thus, the appellate court held the defendant was entitled to an evidentiary hearing under section 1172.6.  (*Langi*, at p. 984.)

In this case, unlike *Langi*, the jury was not instructed on an implied malice murder theory.  Indeed, the jury was instructed that Pimentel as an aider and abettor had to act:  "With the intent or purpose of committing or encouraging or facilitating the commission of the crime . . . ."  (CALJIC No. 3.01.)

Given the instructions on the crime of attempted murder and aiding and abetting, the jury necessarily found Pimentel shared the perpetrator's intent to kill; therefore, the possibility of imputing malice—as identified in *Langi*—is not present here.  (See *Coley*, *supra*, 77 Cal.App.5th at pp. 547-548 [*Langi* inapplicable where attempted murder conviction required intent to kill]; *People v. Covarrubias* (2016) 1 Cal.5th 838, 890 ["'Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing'"].)

III

DISPOSITION

The trial court's order denying Pimentel's section 1172.6 petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

7